# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| David A. Dickerson, # 369461, | ) | Civil Action No.: 2:20-cv-03467-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Michael Stephan, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner David A. Dickerson, proceeding *pro se*,[1] seeks habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) This matter is before the court on the above-captioned Respondent's Motion for Summary Judgment. (ECF No. 13.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to the United States Magistrate Judge for pretrial handling. On June 17, 2021, the Magistrate Judge issued a Report and Recommendation ("Report") (ECF No. 52) in which she recommended the court grant Respondent's Motion for Summary Judgment and dismiss this case with prejudice. For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's recommendation and **GRANTS** Respondent's Motion for Summary Judgment.

---

[1] Because Petitioner is a *pro se* litigant, his "pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

## I.     RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation.  Petitioner was indicted in June 2016 for third-degree criminal sexual conduct ("CSC"), incest, assault with intent to commit third-degree CSC, first-degree sexual exploitation of a minor, second-degree CSC with a minor between the ages of 11 and 14, and second-degree CSC with a minor between the ages of 14 and 16.  (ECF No. 12 at 1.)  On August 23, 2016, Petitioner pled guilty to second-degree CSC with a minor between the ages of 11 and 14, and first-degree sexual exploitation of a minor.  (*Id.* at 2.)  Petitioner filed a notice of appeal which was denied on the basis that Petitioner "failed to provide a sufficient explanation as required by Rule 203(d)(1)(B)(iv) of the South Carolina Appellate Court Rules."  (ECF No. 12-4 at 1.)

On April 11, 2017, Petitioner filed an application for post-conviction relief ("PCR") in state court, alleging he received ineffective assistance of counsel and that his guilty plea was made unintelligently and involuntarily.  (ECF No. 12-1 at 54.)  After conducting a hearing, the PCR court filed an order rejecting Petitioner's claims and denying his PCR application.  (*Id.* at 137–49.)  Petitioner appealed the PCR court's decision and, through counsel, filed a petition for writ of certiorari before the South Carolina Supreme Court.  (ECF Nos. 12-6 & 12-7.)  The South Carolina Supreme Court transferred the petition to the South Carolina Court of Appeals, which subsequently denied certiorari and issued a remitter on July 30, 2020.  (ECF Nos. 12-8 & 12-9.)

On September 30, 2020, Petitioner filed this petition for writ of habeas corpus.  (ECF No. 1.)  Petitioner argues he was denied his right to effective assistance of counsel based upon three grounds: (1) because "trial counsel repeatedly and continually used fear and intimidation to coerce [Petitioner] into accepting a plea offer and to not go to trial;" (2) because "trial counsel at no time

allowed [Petitioner] to review any of the discovery materials;" and (3) because of "trial counsel's refusal to listen to, consider, investigate, or have law enforcement investigate any facts that might have been used to form a trial defense" for Petitioner. (ECF No. 1-1 at 1, 4, 6.) On January 22, 2021, Respondent filed a return and motion for summary judgment. (ECF Nos. 12 & 13.) On January 25, 2021, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of Respondent's motion and the possible consequences if he failed to respond adequately. (ECF No. 14.)

On May 27, 2021, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment. (ECF No. 43.) On June 9, 2021, Petitioner filed an affidavit and additional supporting documentation for his Response. (ECF No. 49.) On June 10, 2021, the Warden filed a Reply to the Response. (ECF No. 48.) On June 17, 2021, the Magistrate Judge issued the Report, recommending this court grant summary judgment. (ECF No. 52.) Petitioner filed objections on July 8, 2021. (ECF No. 56.)

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## III.    LEGAL STANDARD

A.    <u>The Magistrate Judge's Report and Recommendation</u>

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those

portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

B.     Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment. *See id.* at 248.

C.     Petitions for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254

State prisoners have a statutory right to seek habeas relief in federal courts. *See* 28 U.S.C. § 2254(a). However, a court's review of a § 2254 petition filed after April 24, 1996, is limited by provisions of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (codified as amended in scattered sections of 28 U.S.C.). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding. 28 U.S.C. § 2254(d)(1)–(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 410. "Rather, that application must also be unreasonable." *Id.* Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## IV.     ANALYSIS

A.     The Report and Recommendation

In the Report, the Magistrate Judge suggests summary judgment is appropriate because Petitioner has failed to demonstrate that he is entitled to relief on any of the three bases he argues. First, the Magistrate Judge explained that to prove ineffective assistance of counsel, Petitioner must show (1) that his attorney's performance was deficient, and (2) that the deficient performance prejudiced him. (ECF No. 52 at 9 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984).)

As to Petitioner's assertion that his plea counsel was ineffective because he used fear and intimidation to coerce Petitioner into pleading guilty, the Magistrate Judge noted that "[d]uring his guilty plea colloquy, [Petitioner] told the judge that no one had forced, pressured, or coerced him into pleading guilty." (*Id.* at 10 (citing ECF No. 21-1 at 9).) Further, the Magistrate Judge explained, the PCR court considered this allegation based upon the record, and upon application of the appropriate standard, found that it was without merit. (*Id.* at 12 (citing ECF No. 12-1 at 147–48).) The Magistrate Judge determined that "[t]he PCR court's rejection of [Petitioner's] claim was not contrary to, or an unreasonable application of, clearly established law, nor was the PCR court's decision based on an unreasonable determination of the facts." (*Id.* at 12–13.) As such, the Magistrate Judge found Petitioner has not met his burden as to this allegation.

Next, the Magistrate Judge reviewed the PCR record to determine which, if any, of Petitioner's other claims had been preserved. Petitioner claims his plea counsel was ineffective in failing to investigate seven (7) areas of evidence. (ECF No. 1-1 at 9.) The Magistrate Judge found that claims (2), (3), (4), (5), and (7) are procedurally barred because the PCR record shows no reference to these allegations, and therefore they were not presented to or ruled upon by the PCR court. (ECF No. 52 at 15–16.) However, the Magistrate Judge found that claims (1) and (6) may be preserved because "the general allegation that plea counsel was ineffective for failing to do further investigation was considered by the PCR court," and Petitioner gave some testimony related to these claims. (*Id.* at 16.) Therefore, out of an "abundance of caution," the Magistrate Judge reviewed the merits of claims (1), related to Petitioner's alibi for a particular assault, and (6), related to how the police obtained Petitioner's phone. (*Id.*) The Magistrate Judge noted that Petitioner did not raise issues related to any insufficient investigation during his plea colloquy, but in fact told the plea court he was satisfied with his representation. (*Id.* at 18 (citing ECF No. 12-1

at 10).) Additionally, Petitioner's plea counsel testified that Petitioner did not plead to the particular assault for which he had an alibi and that counsel had provided Petitioner a copy of the search warrant for the police to search his phone. (*Id.* at 20 (citing ECF No. 12-1 at 117, 122).)

The Magistrate Judge further determined that the PCR court's conclusion that Petitioner failed to show both deficiency and prejudice resulting therefrom was "largely based on the court's credibility findings, which are entitled to deference here." (*Id.* at 21 (citing *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."); *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.")).) Ultimately, the Magistrate Judge found that Petitioner has not met his burden of demonstrating by clear and convincing evidence that the PCR court's finding was unreasonable. (*Id.* at 22.)

B.    Petitioner's Objections

Petitioner's first two objections relate to Ground Three of his petition, regarding areas he believes his plea counsel should have investigated further. (ECF No. 56 at 3–7.) Instead of providing specific objections to the Report, however, Petitioner merely rehashes his arguments as to the improper seizure of his phone by police and the existence of an alibi for a particular assault. (*Id.*) Petitioner's third objection relates to the Magistrate Judge's denial of Petitioner's Motion to Appoint Counsel (ECF No. 24) and Motion for Discovery (ECF No. 26). (*Id.* at 8.) This objection merely rehashes arguments Petitioner made in his Motion for Discovery and supporting documents. (*See* ECF No. 26.) The Magistrate Judge adequately reviewed and addressed these arguments in her Order denying Petitioner's Motion for Discovery. (ECF No. 38.)

C.  The Court's Review

The court finds that Petitioner's objections amount to general disagreements with the Magistrate Judge's findings and merely repeat claims the Magistrate Judge properly considered and addressed. "The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano*, 687 F.2d at 47; *Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019) (restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted). As the court finds no clear error on the face of the record, the court accepts the Report and grants Respondent's Motion for Summary Judgment. (ECF No. 13.)

## V.  CONCLUSION

For the reasons set forth above, the court **ACCEPTS** the Report and Recommendation (ECF No. 52), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 13), and **DISMISSES** Petitioner's Habeas Petition (ECF No. 1) with prejudice.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by

8

demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DECLINES** to grant a certificate of appealability.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 14, 2021
Columbia, South Carolina